IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-2185

JOHN AND JANE DOE,

    Plaintiffs,

v.

PHILIP WEISER, in his official capacity
as Attorney General of the State of Colorado;
SUSANA CÓRDOVA, in her official capacity
as Commissioner of the Colorado Department
of Education; and SCHOOL DISTRICT 27J
a/k/a 27J SCHOOLS, in its official and
personal capacities,

    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY AND FOR ENTRY OF PROTECTIVE ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    THE COURT SHOULD ALLOW PSEUDONYMITY DUE TO
          CONCERNS OVER PRIVACY AND HARASSMENT ..................................... 2

        A.    The Court Should allow Pseudonymity to Protect the Highly Sensitive
             and Personal Information of the Does' Children ............................................. 3

        B.    The Court Should Allow Pseudonymity to Protect Plaintiffs and their
             Minor Children from Harassment ..................................................................... 6

    II.   THE COURT SHOULD ALLOW PSEUDONYMITY BECAUSE THE
          DOES' CLAIM IS AGAINST THE STATE, NOT PRIVATE
          INDIVIDUALS ................................................................................................... 8

    III.  ALLOWING THE DOES TO PROCEED PSEUDONYMOUSLY WILL
          NOT PREJUDICE DEFENDANTS .................................................................. 9

CONCLUSION ..................................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

*Cases*

*A.D. v. Park City Sch. Dist.*,
   No. 2:23-CV-00665,
   2024 WL 1178578 (D. Utah Mar. 19, 2024) ............................................................................... 4

*Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*,
   No. 2:16-CV-524,
   2016 WL 4269080 (S.D. Ohio Aug. 15, 2016) .......................................................................... 4

*Doe ex rel. Doe v. Elmbrook Sch. Dist.*,
   658 F.3d 710 (7th Cir. 2011) ..................................................................................................... 5

*Doe v. Blue Cross & Blue Shield of R.I.*,
   794 F. Supp. 72 (D.R.I. 1992) ................................................................................................... 7

*Doe v. Bolton*,
   410 U.S. 179 (1973) ................................................................................................................... 3

*Doe v. C.A.R.S. Protections Plus, Inc.*,
   527 F.3d 358 (3d Cir. 2008) ...................................................................................................... 3

*Doe v. Franklin Bank, S.S.B.*,
   No. A-08-CA-293 LY,
   2008 WL 11334179 (W.D. Tex. Sept. 3, 2008) ......................................................................... 4

*Doe v. Okla. City Univ.,*
   406 F. App'x 248 (10th Cir. 2010) ............................................................................................ 6

*Doe v. Porter,*
   370 F.3d 558 (6th Cir. 2004) ..................................................................................................... 2

*Doe v. Provident Life & Accident Ins. Co.*,
   176 F.R.D. 464 E.D. Pa. 1997) ................................................................................................. 4

*Doe v. Sch. Dist. No. 1*,
   970 F.3d 1300 (10th Cir. 2020) ................................................................................................. 6

*Doe v. Sessions*,
   No. 18-0004(RC),
   2018 WL 4637014 (D.D.C. Sept. 27, 2018) .............................................................................. 4

*Doe v. Spartanburg Cnty. Sch. Dist. Three*,
   No. CV 7:15-02764-HMH,
   2015 WL 13763039 (D.S.C. Aug. 19, 2015) ............................................................................. 8

*Doe v. St. Clair Cnty.*,
   No. 18-CV-380-SMY-SCW,
   2018 WL 1071744 (S.D. Ill. Feb. 26, 2018) .............................................................................. 7

*Doe v. Stand. Ins. Co.*,
   No. 1:15–cv–00105–GZS,
   2015 WL 5778566 (D. Me. Oct. 2, 2015) ................................................................................. 7

*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) .................................................................................................... 7

*Doe v. United States*,
   No. 16-CV-640-SMY-DGW,
   2016 WL 3476313 (S.D. Ill. June 27, 2016) ............................................................................. 5

*Doe v. USD No. 237 Smith Ctr. Sch. Dist.*,
   No. 16-CV-2801-JWL-TJJ,
   2017 WL 3839416 (D. Kan. Sept. 1, 2017) .............................................................................. 9

*Doe v. Virginia Polytechnic Inst. & State Univ.*,
   No. 7:18-CV-170,
   2018 WL 5929647 (W.D. Va. Nov. 13, 2018) .......................................................................... 7

*EW v. N.Y. Blood Ctr.*,
   213 F.R.D. 108 (E.D.N.Y. 2003) ............................................................................................. 8

*Foster v. Andersen,*
   No. 18-2552-DDC-KGG,
   2019 WL 329548 (D. Kan. Jan. 25, 2019) ..................................................................... 2, 3, 4, 6

*Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.*,
   No. 2:12-cv-1406,
   2013 WL 2296075 (W.D. Pa. May 24, 2013) .......................................................................... 7

*Honig v. Doe*,
   484 U.S. 305 (1988) .................................................................................................................. 6

*Ill. Republican Party v. Pritzker*,
   973 F.3d 760 (7th Cir. 2020) .................................................................................................... 3

*Int'l Refugee Assistance Project v. Trump*,
   No. CV TDC-17-0361,
   2017 WL 818255 (D. Md. Mar. 1, 2017) ................................................................................. 8

*L.A. v. Hoffman*,
   No. 14-6895(FLW)(DEA),
   2015 WL 4461852 (D.N.J. July 21, 2015) ............................................................................... 8

*Lozano v. City of Hazelton*,
   496 F. Supp. 2d 477 (M.D. Pa. 2007) ............................................................................. 8

*M.M. v. Zavaras*,
   139 F.3d 798 (10th Cir. 1998) ........................................................................................ 2

*Nat'l Commodity & Barter Ass'n v. Gibbs*,
   886 F.2d 1240 (10th Cir. 1989) ...................................................................................... 2

*P.M. v. Evans-Brant Cent. Sch. Dist.*,
   No. 08-cv-168A,
   2008 WL 4379490 (W.D.N.Y. Sept. 22, 2008) .............................................................. 5

*Plyler v. Doe*,
   457 U.S. 202 (1982) ........................................................................................................ 6

*Poe v. Drummond,*
   No. 23-CV-177-JFH-SH,
   2023 WL 4560820 (N.D. Okla. July 17, 2023) .................................................... 2, 4, 5

*Roe v. Wade*,
   410 U.S. 113 (1973) ........................................................................................................ 3

*S.E.S. v. Galena Unified Sch. Dist. No. 499*,
   No. 18-2042-DDC-GEB,
   2018 WL 3389878 (D. Kan. July 12, 2018) ................................................................... 5

*Taylor F. v. Arapahoe Cnty. Sch. Dist*. 5,
   No. 13-CV-01580-WJM-KMT,
   2013 WL 12443068 (D. Colo. Aug. 1, 2013) ................................................................. 9

*Trotter v. Logan*,
   No. 1:23-CV-01065-RLY-TAB,
   2024 WL 2972181 (S.D. Ind. June 13, 2024) ................................................................ 9

*United States v. Doe*,
   655 F.2d 920 (9th Cir. 1981) .......................................................................................... 7

*W.G.A. v. Priority Pharm., Inc.*,
   184 F.R.D. 616 (E.D. Mo. 1999) .................................................................................... 7

*W.N.J. v. Yocom*,
   257 F.3d 1171 (10th Cir. 2001) ...................................................................................... 3

*Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*,
   858 F.3d 1034 (7th Cir. 2017) ........................................................................................ 2

*Rules*

Fed. R. Civ. P. 10(a) ................................................................................................................ 2

Fed. R. Civ. P. 26(c) ................................................................................................................ 2

Fed. R. Civ. P. 5.2(a)(3) ........................................................................................................... 2

*Other*

*A major UK report says trans children are being let down by toxic debate and lack of evidence*,
    Jill Lawless, Associated Press (April 10, 2024) ............................................................. 1

## INTRODUCTION

The debate over how best to care for youth struggling with their gender identity has become one of the most contentious and toxic discussions in the world today.[1] For many, discussions on this topic are abstract and theoretical. But for people like Plaintiffs John and Jane Doe—and their children A.D. and B.D[2]—these discussions have become very real. When A.D was a freshman in high school, a school counselor helped her socially transition to a male gender identity at school in secret from her parents. At home, A.D. lived life as the girl that her parents knew, but at school, she lived as a boy. The social transition went on for two years, harming A.D.'s mental health and her relationship with her parents.

The Does bring this action to vindicate their constitutional rights to the care, custody, and control of their children. In short, the Does have the right to consent—or, in the alternative, to notice—when their children are socially transitioned at school. And given the importance of protecting the identities of minor children in federal court, the Does have an overwhelming interest in proceeding pseudonymously. Indeed, federal courts across the country routinely allow parents and their minor children to proceed under a pseudonym in litigation involving similar issues.

The Does do not object to providing their or their children's names to counsel for Defendants and the Court. And the Does do not intend to seek to preclude the public from accessing the Court's rulings. Instead, the Does simply ask the Court to (1) grant them leave to proceed under pseudonyms, (2) grant them leave to refer to their children by pseudonymous initials, and (3) enter a protective order limiting Defendants from disclosing their and their children's names.

---

[1] Jill Lawless, *A major UK report says trans children are being let down by toxic debate and lack of evidence*, Associated Press (April 10, 2024), https://apnews.com/article/uk-transgender-health-care-children-e3e94aad2994da7296880915f9b2e6ed.

[2] John Doe, Jane Doe, A.D., and B.D. are pseudonyms.

1

**ARGUMENT**

The Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Under this authority, the Court should issue an order authorizing the Does to (1) proceed under pseudonyms ("John and Jane Doe"), (2) refer to their children in filings with Court by pseudonymous initials ("A.D." and "B.D."), and (3) enter a protective order requiring Defendants to keep the Does' and their children's names confidential.

**I.   THE COURT SHOULD ALLOW PSEUDONYMITY DUE TO CONCERNS OVER PRIVACY AND HARASSMENT**

The Federal Rules of Civil Procedure require all filings that identify minors to use their initials instead of their names. *See* Fed. R. Civ. P. 5.2(a)(3). The purpose of this rule is to protect minors' privacy interests. *Doe v. Porter,* 370 F.3d 558, 561 (6th Cir. 2004) (discussing need for "heightened protection" for minors in litigation).

As to adults, though the default rule is that a complaint must state the names of the parties, Fed. R. Civ. P. 10(a), courts routinely allow plaintiffs to proceed under pseudonyms to protect their privacy and / or the privacy of their children, *see Poe v. Drummond,* No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *2–3 (N.D. Okla. July 17, 2023) (collecting cases). In the Tenth Circuit, plaintiffs may proceed pseudonymously where there are "significant [concerns over] privacy," *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)), or the existence of a threat that disclosure of plaintiffs' name may subject them to "discrimination, harassment, [or] violence," *Foster v. Andersen,* No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) (quoting *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017), *abrogated on*

2

*other grounds as recognized by Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020)). The Does satisfy these standards here.

### A. The Court Should allow Pseudonymity to Protect the Highly Sensitive and Personal Information of the Does' Children

"[T]he Supreme Court has given the practice [of proceeding anonymously] implicit recognition" in cases involving sensitive issues of a private nature. *Doe v. C.A.R.S. Protections Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) (citing *Roe v. Wade*, 410 U.S. 113 (1973) and *Doe v. Bolton*, 410 U.S. 179 (1973)). Indeed, courts routinely allow parties to proceed pseudonymously when the litigation involves "highly sensitive and personal" information. *Foster,* 2019 WL 329548, at *2; *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (noting that pseudonymity is warranted in cases involving sensitive and personal matters, including but not limited to sexual orientation, sexual habits, birth control, and abortion).

Here, the Complaint involves allegations regarding "highly sensitive and personal" information regarding A.D.'s mental health. In sum, the Complaint makes the following allegations:

- In the 2019–20 school year, "A.D. began feeling socially withdrawn, depressed, and anxious" and "started experiencing feelings of transgender identification." Compl. ¶ 77.

- A.D. has seen a private counselor for mental health struggles off and on for the past five years. *Id.* ¶ 79.

- In the 2021–22 school year, A.D. sought her parents' permission to transition to a male gender identity. *Id.* ¶ 81.

- In the 2022–23 school year, A.D. was "experiencing feelings of depression, anxiety, and transgender identification," which caused her psychological distress. *Id.* ¶ 88.

- In the 2022–23 school year, A.D. sought and obtained psychotherapy through the state's I Matter program. *Id.* ¶¶ 99–104.

3

- The I Matter therapist discussed A.D. start taking testosterone and have a mastectomy as the next steps in her transition. *Id.* ¶ 104.

- During the 2022–23 school year, A.D.'s mental health deteriorated. *Id.* ¶¶ 107, 123.

- A.D. is still suffering from the underlying conditions that likely triggered her transgender identification in the first place. *Id.* ¶ 136.

As numerous courts have concluded, these types of highly sensitive and personal allegations warrant allowing parties to proceed pseudonymously. *Foster,* 2019 WL 329548, at *2 (granting motion to proceed pseudonymously to avoid disclosure of plaintiff's "diagnosed medical condition"); *A.D. v. Park City Sch. Dist.*, No. 2:23-CV-00665, 2024 WL 1178578, at *1 (D. Utah Mar. 19, 2024) (same in case that "requires the court to evaluate and discuss [the plaintiff's] medical information"); *Drummond*, 2023 WL 4560820, at *4 (same due to "the highly personal nature of the medical and mental health facts involved"); *Doe v. Sessions*, No. 18-0004(RC), 2018 WL 4637014, *4 (D.D.C. Sept. 27, 2018) (same due to plaintiff's "Asperger's Syndrome and other sensitive mental conditions"); *Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (noting that "[c]ourts have . . . allowed minors with sensitive mental health histories to proceed anonymously"); *Doe v. Franklin Bank, S.S.B.*, No. A-08-CA-293 LY, 2008 WL 11334179, at *4 (W.D. Tex. Sept. 3, 2008) (granting plaintiff's motion to proceed under pseudonym in case involving plaintiff's "medical diagnosis and treatment"), *report and recommendation approved*, No. A-08-CA-293-LY, 2008 WL 11334522 (W.D. Tex. Oct. 29, 2008); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (same with respect to plaintiff's "mental illnesses").

Moreover, while Rule 5.2(a)(3) requires litigants to identify minors by their initials, disclosing a minor's initials can be insufficiently protective of their privacy in certain situations. Where, for example, "identifying adult plaintiffs also would expose the identities of their children,"

4

parental pseudonymity is necessary to protect their children's privacy. *Drummond*, 2023 WL 4560820, at *2–3 (cleaned up); *see also Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011) (granting motion to proceed pseudonymously where "[i]dentifying . . . adult plaintiffs also would expose the identities of their children"), *adopted in pertinent part on reh'g en banc*, 687 F.3d 840, 842 (7th Cir. 2012); *A.D.*, 2024 WL 1178578, at *1 (granting motion to allow parent to proceed pseudonymously because a child "and his parents share common privacy interests based on their inseparable relationship to one another" (cleaned up)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (granting parents' motion to proceed pseudonymously where "ordering disclosure of the parents' identities would place . . . personally identifiable information about . . . a minor in the public record"); *Doe v. United States*, No. 16-CV-640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016) (granting parents' motion to proceed pseudonymously where "[r]evealing [their] names will . . . allow for [their child's] identification"); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-cv-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) (noting that "[s]ince a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials").

Here, requiring the Does to disclose their identities would necessarily result in their children's identities being discoverable as well, especially to school personnel who know both the Does and their children. To protect the sensitive and personal information about the Does' minor children, the Court should allow the Does to proceed pseudonymously.

Further, because the facts regarding A.D.'s story are unique and the number of female students in her class who have been socially transitioned to a male gender identity is small, A.D. and B.D. would be easily identifiable by school personnel and their peers if their actual initials

5

were used. Accordingly, A.D. and B.D. should be allowed to proceed under pseudonymous initials. Indeed, even with the protections afforded by Rule 5.2(a)(3), courts routinely allow minors to proceed pseudonymously to afford them additional protection. *See, e.g., Honig v. Doe*, 484 U.S. 305 (1988) (suit by minor for violation of Education of the Handicapped Act); *Plyler v. Doe*, 457 U.S. 202 (1982) (suit by undocumented minors for violation of equal protection); *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300 (10th Cir. 2020) (high school student suing under Title IX); *Doe v. Okla. City Univ.,* 406 F. App'x 248 (10th Cir. 2010) (student claiming disability discrimination). The Court should do the same here.

**B.     The Court Should Allow Pseudonymity to Protect Plaintiffs and their Minor Children from Harassment**

Courts also allow parties to proceed pseudonymously if they face a threat of "discrimination, harassment, [or] violence." *Foster*, 2019 WL 329548, at *2. Such is the case here.

The Does have a reasonable fear that A.D. and B.D. will suffer harassment at school if their identity is made known. A.D.'s classmates and school personnel overwhelmingly support what they perceive to be the "pro-LGBTQ+" position. Compl. ¶¶ 139–40. The Does have a reasonable fear that A.D.'s classmates, including those in her current friend group, will harass her if they know about this lawsuit. *Id.* In addition, the Does have a reasonable fear that A.D.'s classmates and school personnel—whether intended or not—will seek to deter her from de-transitioning at school, a concern that will be heightened if her identity is known. *Id.* Further, the Does also have the reasonable fear that their youngest daughter, B.D. could also face harassment for this lawsuit. At B.D.'s school, it is fashionable to be LGBTQ+, and school personnel are highly supportive of students with a LGBTQ+ identity. Compl. ¶¶ 142, 144. The Does want to vindicate their constitutional rights, but they face the real threat that their daughters will suffer the unwarranted consequences of others' opposition to the Does' case.

6

This type of fear supports a claim to proceed anonymously. *See, e.g.*, *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (noting that "[w]here it is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonyms"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (granting plaintiffs anonymity where they faced possibility of "retaliatory harassment"); *Doe v. St. Clair Cnty.*, No. 18-CV-380-SMY-SCW, 2018 WL 1071744, at * 1 (S.D. Ill. Feb. 26, 2018) (granting use of pseudonym to plaintiff who "lives in fear of retaliation and has legitimate fears of humiliation for bringing this lawsuit"); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-170, 2018 WL 5929647, at *3 (W.D. Va. Nov. 13, 2018) (granting motion to proceed anonymously where "identification may put [the plaintiff] at risk for . . . mental harm"); *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (granting use of pseudonym because of stigma); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992) (observing that "societal intolerance" justifies pseudonymity in case involving a person's gender identity).

Moreover, forcing the Does to disclose their identities—and, necessarily, their daughters' identities—will discourage them (and others) from pursuing valid claims. This would be improper, considering the "substantial public interest in ensuring that litigants not face such retribution in their attempt to seek redress for what they view as a Constitutional violation." *Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.*, No. 2:12-cv-1406, 2013 WL 2296075, *2 (W.D. Pa. May 24, 2013) (emphasis added); *see also Doe v. Stand. Ins. Co.*, No. 1:15–cv–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff[s] from proceeding on [their] claim but might also discourage others . . . from asserting their claims."). The Does should not be forced to make that choice.

7

## II. THE COURT SHOULD ALLOW PSEUDONYMITY BECAUSE THE DOES' CLAIM IS AGAINST THE STATE, NOT PRIVATE INDIVIDUALS

The Does are asserting claims against a public official—the Attorney General of the State of Colorado (in his official capacity)—and a public entity only. "[C]ourts are more likely to permit plaintiffs to proceed under a pseudonym when they are pursuing a claim against the government rather than a private individual." *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017); *see also Doe v. Spartanburg Cnty. Sch. Dist. Three*, No. CV 7:15-02764-HMH, 2015 WL 13763039, at *4 (D.S.C. Aug. 19, 2015). This is so because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm . . ., the government is not vulnerable to similar reputational harm, particularly in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *Int'l Refugee*, 2017 WL 818255, at *3; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (noting that, in cases involving a government defendant, "personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation").

Moreover, allowing parties to proceed pseudonymously is particularly appropriate where the primary claims at issue "do not depend on identifying the specific parties" but, instead, are "purely legal." *Int'l Refugee*, 2017 WL 818255, at *3 (internal quotation marks omitted); *see also L.A. v. Hoffman*, No. 14-6895(FLW)(DEA), 2015 WL 4461852, at *2 (D.N.J. July 21, 2015) (authorizing plaintiffs to proceed under pseudonyms because they "bring a constitutional challenge to a statute as it applies to a general class of people and therefore the individual facts and circumstances surrounding each Plaintiff are not of central importance to Plaintiffs' claims"); *Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 513 (M.D. Pa. 2007) ("The subject matter of this litigation is primarily constitutional law, and the identities of the particular plaintiffs are not as

important to the outcome of the litigation as the legal arguments they raise."), *overruled on other grounds by* 724 F.3d 297 (3d Cir. 2013).

Here, the primary relief the Does seek is declaratory and injunctive—*i.e.*, they seek a declaration that Colorado's Name Change Law and the District's Parental Exclusion Policy are unconstitutional and an injunction against their enforcement. Compl. Prayer for Relief ¶¶ 1–2. And while the Does assert an entitlement to monetary relief, they seek only nominal damages. *Id.* ¶ 3. On these facts, allowing the Does to proceed pseudonymously is particularly appropriate.

### III. ALLOWING THE DOES TO PROCEED PSEUDONYMOUSLY WILL NOT PREJUDICE DEFENDANTS

Finally, Defendants will not be prejudiced if the Court allows the Does to proceed pseudonymously. The Does are willing to disclose their names and the names of their children to Defendants under a protective order that prohibits disclosure to the public.[3] This manner of proceeding will allow Defendants to defend against the Does claims to the same extent as in the absence of pseudonymity. *See Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) ("Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity."). The only additional burden on Defendants is compliance with the protective order, which is routine in cases involving minors. *Taylor F. v. Arapahoe Cnty. Sch. Dist.* 5, No. 13-CV-01580-WJM-KMT, 2013 WL 12443068, at *2 (D. Colo. Aug. 1, 2013) (granting "Motion to Restrict Public Access to Documents" involving minor children); *Trotter v. Logan*, No. 1:23-CV-01065-RLY-TAB, 2024 WL 2972181, at *5 (S.D. Ind. June 13, 2024) (directing parties to "move the Court for entry of a protective order" in "order to protect the identity of the minor witnesses").

---

[3] The Does' proposed protective order is attached hereto as Exhibit A.

9

For this reason, Defendants cannot show that granting the Does motion will have any prejudicial effect whatsoever. Indeed, in light of the Does' willingness to reveal their and their children's identities to Defendants, the Court should closely scrutinize any effort by Defendants to oppose the Does' motion to ensure it is not designed merely to deter them from pursuing their claims.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court grant their Motion to Proceed Pseudonymously and for Entry of Protective Order.

Respectfully submitted,

Dated: August 7, 2024.

by:

*/s/Scott Gessler*
Scott Gessler
Gessler Blue Law
7350 E. Progress Place
Suite 100
Greenwood Village, CO 80111
(720) 839-6637

Harmeet K. Dhillon*
Josh W. Dixon*
Eric A. Sell*
Center for American Liberty
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
(703) 687-6212
harmeet@libertycenter.org
jdixon@libertycenter.org
esell@libertycenter.org

Attorneys for Plaintiffs
*Application for Admission Forthcoming

10