# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02185-CNS-SBP

JOHN AND JANE DOE,

    Plaintiffs,

v.

PHILIP WEISER, in his official capacity as Attorney General of the State of Colorado;
SUSANA CÓRDOVA, in her official capacity as Commissioner of the Colorado Department of Education; and
SCHOOL DISTRICT 27J a/k/a 27J SCHOOLS, in its official and personal capacities,

    Defendants.

---

## ORDER SETTING CONSENT DEADLINE AND SCHEDULING CONFERENCE

---

    This matter is before this court sua sponte. The above-captioned case has been referred to Magistrate Judge Susan Prose pursuant to D.C.COLO.LCivR 40.1.

    *The court begins by noting that this order does NOT resolve the motion for expedited discovery, which is not referred to this court.* ECF No. 37. However, in the briefing on that unreferred motion, Plaintiffs John and Jane Doe and Defendant Susan Cordova, the Commissioner of the Colorado Department of Education (the "Commissioner") disagree whether the case should be set for a scheduling conference—and whether regular discovery should begin—before Judge Sweeney decides Plaintiffs' motion (ECF No. 2) for preliminary injunction. Plaintiffs believe the scheduling conference should not be set until after that ruling and that this would mean regular discovery is delayed until then. ECF No. 42, fn.3. The Commissioner instead believes that the fact that no scheduling conference has been set to date has no bearing on

the parties' deadline to hold their Rule 26(f) meeting, and thus that regular discovery should have already begun pursuant to Rules 26(f) and 16(b)(2). ECF No. 43 at 1.

The day before the Commissioner filed her reply, the Commissioner's counsel also called the undersigned's chambers inquiring if the court would set the case for a scheduling conference or what the court's usual practice is. These are questions that the undersigned's law clerks cannot answer, and in addition, counsel did not have the other parties on the line. While it may have seemed only an administrative or logistical question, it is now clear to this court—from subsequently reviewing the parties' briefs on the unreferred motion—that the parties already had a dispute about this issue.

**All counsel are reminded to help the court avoid impermissible ex parte communications by not calling or emailing chambers without all other counsel of record present, unless the question is truly only logistical or administrative, or you have the express permission of all other counsel to contact the court without their presence. And even with all counsel of record present, the undersigned's law clerks cannot answer questions that go beyond logistics and administrative matters.**

**<u>Any party who wishes to delay the scheduling conference should promptly confer with all other parties and file a motion to stay discovery citing proper legal support.</u>**

If the parties have not done so already, they shall complete and file the Magistrate Judge Consent Form **on or before November 18, 2024**.

The Fed. R. Civ. P. 16(b) Scheduling Conference shall be held **telephonically** on **December 2, 2024, at 1:30 p.m.,** in Courtroom C-205, on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. The parties

2

shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.

Plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling conference.

If this date is not convenient, the parties shall confer and contact chambers by email to obtain an alternate date. All parties must be copied on the email if they agree to change the conference date; otherwise, any party seeking to change the conference date must file a motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

Counsel for the parties and any unrepresented non-prisoner parties in this case are to hold a meeting in accordance with Fed. R. Civ. P. 26(f) on or before **November 8, 2024** and jointly prepare a proposed Scheduling Order.[1]

Pursuant to Fed. R. Civ. P. 26(d), only requests pursuant to Fed. R. Civ. P. 34 may be submitted before the Rule 26(f) meeting, unless otherwise ordered or directed by the Court. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), responses to such discovery requests must be submitted no later than 30 days after the Rule 26(f) meeting, unless the parties stipulate or the Court orders otherwise.

The parties shall prepare the proposed Scheduling Order in accordance with the form that may be downloaded from the Forms section of the Court's website. *See* www.cod.uscourts.gov.

---

[1] This order has no effect on the parties' dispute concerning what the deadline for the parties' Rule 26(f) meeting was before this order issued.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures, **no later than five business days** prior to the scheduling conference. **The parties shall also email the proposed Scheduling Order in Word format** to Magistrate Judge Prose at **Prose_Chambers@cod.uscourts.gov**.

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the Clerk's office. However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The parties shall adhere to the Sedona Principles regarding disputes relating to electronic discovery.  See www.thesedonaconference.org.

The parties shall file a proposed Order under Fed. R. Evid. 502(d) on or before 14 days after the Scheduling Conference.

All discovery motions shall be made in compliance with Magistrate Judge Prose's discovery procedures.  See www.cod.uscourts.gov.

Any out-of-state counsel shall comply with D.C.COLO.LAttyR 3 prior to the scheduling conference.  Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by the Court may result in the imposition of sanctions.

Anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a **valid photo identification.** See D.C.COLO.LCivR 83.2(b).

IT IS SO ORDERED.

DATED:  **September 30, 2024**                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

5