IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02185-CNS-SBP

JOHN AND JANE DOE,

Plaintiffs,

v.

PHILIP WEISER, in his official capacity as Attorney General of the State of Colorado;
SUSANA CÓRDOVA, in her official capacity as Commissioner of the Colorado
Department of Education; and SCHOOL DISTRICT 27J a/k/a 27J SCHOOLS, in its
official and personal capacities,

Defendants.

---

**JOINT MOTION TO (1) STAY DISCLOSURES AND DISCOVERY PENDING RULING
ON DEFENDANTS' MOTIONS TO DISMISS AND (2) VACATE SCHEDULING
CONFERENCE**

---

The parties jointly move to stay or vacate the current Rule 16 and Rule 26

deadlines pending ruling on Defendants' motions to dismiss (ECF 61, 62 & 63) and

state as follows:

**Introduction**

As directed by Magistrate Judge Prose (ECF 45), counsel held a Rule 26(f)

conference the morning of November 7, 2024. Counsel for all parties were present or

have since conferred separately. The parties agree that, subject to two caveats, it would

not serve the interests of any party or of judicial economy to make initial disclosures or

begin merits-stage discovery until after the Court resolves the currently pending motions

to dismiss. The parties' sole reservations are:

1.      Plaintiffs note their interest in timely resolution of their pending motion for

        preliminary injunction (ECF 2) and of their claims more broadly. Plaintiffs

1

thus reserve the right to move to dissolve any stay of discovery in the event the pending motions remain pending for an undue period of time; and

2.    Commissioner Córdova notes her pending motion for limited discovery prior to any preliminary injunction hearing (ECF 37) and notes Plaintiffs' continued opposition thereto. Commissioner Córdova recognizes the efficiency of staying additional discovery and thus joins this motion—but does so without withdrawing her request for the limited discovery sought in her previous motion, in the event the Court sets a preliminary injunction hearing.

Given the foregoing agreement, the parties ask the Court to order: (1) that initial disclosures be stayed until the Court resolves the pending motions to dismiss, and be due 14 days after said resolution in the event any claims are not dismissed; (2) that the parties' proposed scheduling order under Rule 16 be stayed until the Court resolves the pending motions to dismiss, and be due 21 days after said resolution in the event any claims are not dismissed; (3) that merits-stage discovery be stayed until the Rule 16 scheduling order, if any, is entered; and (4) that the scheduling conference currently scheduled for December 2, 2024, be vacated.

**Legal Authority**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In general, a stay is warranted upon a showing of good cause, to "protect a

2

party or person from annoyance, embarrassment, oppression, or undue burden or

expense." *See* Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v.*

*Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004).

In evaluating a request for a stay, courts consider: (1) a plaintiff's interests in

proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a

delay, (2) the burden on defendants, (3) the convenience to the court, (4) the interests

of persons not parties to the civil litigation, and (5) the public interest. *See Auto-Owners*

*Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104-05 (D. Colo.

2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, 2006 WL 894955, at *2

(D. Colo. Mar. 30, 2006)). The power to stay discovery lies within the sound discretion

of a trial court, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001), and a trial

court's ruling on such motions "will not be disturbed absent abuse of discretion," *Motley*

*v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

## A.    The relative interests of the parties favor a stay.

The Court must first balance Plaintiffs' desire to proceed expeditiously against

the attendant burdens on Defendants. *See Rainey v. Thorstad*, 2012 WL 5931743, at *1

(D. Colo. Aug. 14, 2012). Here, the burden on Defendants—and Plaintiffs—outweighs

the parties' interests in proceeding forward, for three reasons.

First, all three Defendants have challenged the justiciability of Plaintiffs' claims.

(ECF 61, pp. 10-12; ECF 62, pp. 4-6; ECF 63, pp. 12-17.) Stays are ordinarily

warranted when dispositive motions raise jurisdictional issues. *See Martinez v.*

*Caggiano*, 2020 WL 8366140 (D. Colo. June 8, 2020) ("[A] stay may be appropriate if

resolution of a preliminary motion may dispose of the entire action."); *Serv. First*

*Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, 2019 WL 109335, at *3 (D. Colo.

Jan. 4, 2019) (same); *Burkitt v. Pomeroy*, 2016 WL 696107, at *1 (D. Colo. Feb. 22,

2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages

of litigation, so as to conserve the time and resources of the Court and the parties.");

*Grobecker v. Grundy*, 2013 WL 6466183, at *2 (D. Colo. Dec. 9, 2013) (same); *Aurora

Bank FSB v. Network Mortg. Servs.*, 2013 WL 3146972, at *2-3 (D. Colo. Jun. 19, 2013)

(collecting cases).

Second, the Attorney General has challenged the Court's jurisdiction by asserting

Eleventh Amendment sovereign immunity from suit. (ECF 63, pp. 6-12.) Even aside

from the other justiciability questions, this issue alone warrants a stay. *Ruiz Sosa v.

United States*, 2022 WL 375575, at *2 (D. Colo. Feb. 8, 2022); *Elite Oil Field

Enterprises, Inc. v. United States*, 2021 WL 1207447, at *2 (D. Colo. Mar. 31, 2021)

(collecting cases). "The very object and purpose of the 11th Amendment were to

prevent the indignity of subjecting a State to the coercive process of judicial tribunals at

the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,

Inc.*, 506 U.S. 139, 146 (1993). Therefore, "Eleventh Amendment immunity entitles a

state not only to protection from liability, but also from suit, including the burden of

discovery, as a party, within the suit." *Univ. of Texas at Austin v. Vratil*, 96 F.3d 1337,

1340 (10th Cir. 1996). Merely requiring discovery in a matter where a defendant is

entitled to sovereign immunity deprives the defendant of the "full enjoyment" of its

Eleventh Amendment protection, which is "lost once the [State] is compelled to endure

the burdens of litigation." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1172

(10th Cir. 1998). As a result, "[e]ngaging in discovery on the merits is not necessary, nor

4

is it proper, prior to a ruling on Eleventh Amendment immunity." *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 677 (N.D. Miss. 2013).

Third, Plaintiffs themselves do not seek discovery at this time and, in fact, join this motion. Plaintiffs have a preliminary injunction motion pending to protect their imminent interests (ECF 2) and currently see no need for discovery until after the dispositive motions have been resolved.

Given the asserted interests of the parties, a stay of merits-stage discovery is appropriate.

**B.    The interests of the Court and of the public also favor a stay.**

A court will consider its own convenience and the public's general interest when ruling on a motion to stay. *Rivera v. Littleton Hous. Auth.*, 2014 WL 841511, at \*1 (D. Colo. Mar. 4, 2014). Both interests favor a stay here.

For the Court, a stay removes several burdens. The most obvious is the potential for significant additional discovery disputes beyond those that have already arisen. (*See, e.g.*, ECF 37; ECF 45, pp.3-4 & n.1.) Not far behind are scheduling matters involving multiple parties represented by separate counsel, with additional hearings and disputes concerning claims that may ultimately prove unnecessary. *Thompson v. Williams*, 2021 WL 4748663, at \*7 (D. Colo. Oct. 12, 2021) ("Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward."); *Weise v. Colorado Springs, Colo.*, 2018 WL 1640254, at \*7 (D. Colo. Apr. 5, 2018) ("A better course of action is simply to plan for and proceed with discovery once there is an understanding of which claims and Defendants will move forward."); *Est. of Thakuri by & through Thakuri v. City of Westminster*, 2019 WL

5

6828306, at *3 ("It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated."). Given the many facets of Plaintiffs' claims—both facial and as-applied theories, on three different constitutional claims, against three distinct government entities—the Court's resources are best preserved by postponing most disputes until after the Court has resolved the dismissal motions.

As to the public's interests, there is no indication that staying merits-stage discovery will adversely impact those interests. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, 2009 WL 4730744, at *1 (D. Colo. Dec. 2, 2009) (citing Fed. R. Civ. P. 1). Substantial public resources could be conserved by postponing the need for complex litigation and discovery—including the preparation and exchange of voluminous materials and numerous witness depositions—until the Court determines which, if any, of Plaintiffs' claims will proceed, and as to which Defendants. *See, e.g.*, *Benton v. Town of S. Fork*, 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) ("[T]his court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery."); *Peterson v. O'Neal*, 2023 WL 1993630, at *2 (D. Colo. Feb. 14, 2023) ("The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest.").

The Court's interests and the public's interests thus align with those of the parties: merits-stage discovery should be stayed pending resolution of the motions to dismiss. *Cf. Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*,

6

201 F.R.D. 1, 2 (D. D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.").

## Conclusion

The parties therefore ask the Court to order: (1) that initial disclosures be stayed until the Court resolves the pending motions to dismiss, and be due 14 days after said resolution in the event any claims are not dismissed; (2) that the parties' proposed scheduling order under Rule 16 be stayed until the Court resolves the pending motions to dismiss, and be due 21 days after said resolution in the event any claims are not dismissed; (3) that merits-stage discovery be stayed until the Rule 16 scheduling order, if any, is entered; and (4) that the scheduling conference currently scheduled for December 2, 2024, be vacated.

Dated November 18, 2024.

<table>
<tr>
<td>

*/s/ Josh W. Dixon*
Josh W. Dixon
Eric A. Sell
Center for American Liberty
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
(703) 687-6212
jdixon@libertycenter.org
esell@libertycenter.org
Scott E. Gessler
Gessler Blue LLC
7350 East Progress Place, Suite 100
Greenwood Village, CO 80111
303-906-1050
sgessler@gesslerblue.com
*Counsel for Plaintiffs*

</td>
<td>

*/s/ LeeAnn Morrill*
LeeAnn Morrill
Colorado Department of Law
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
leeann.morrill@coag.gov
*Counsel for Defendant Philip Weiser, in his official capacity as Colorado Attorney General*

</td>
</tr>
<tr>
<td>

*/s/ Joseph A. Peters*
Joseph A. Peters
Michelle Berge
M. Blake McCracken
Colorado Department of Law
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
joe.peters@coag.gov
michelle.berge@coag.gov
blake.mccracken@coag.gov
*Counsel for Defendant Susana Córdova, in her official capacity as Colorado Commissioner of Education*

</td>
<td>

*/s/ Elliott V. Hood*
Elliott V. Hood
Mary Gwyneth Whalen
Caplan and Earnest LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
ehood@celaw.com
gwhalen@celaw.com
*Counsel for Defendant School District 27J*

</td>
</tr>
</table>

CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing **JOINT MOTION TO (1) STAY DISCLOSURES AND DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS AND (2) VACATE SCHEDULING CONFERENCE** upon all parties using the court's CM/ECF filing system, this 18th day of November, 2024.

_/s/ Dave Sluss_ _____