IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-2185-CNS-SBP

JOHN AND JANE DOE,

    Plaintiffs,

v.

PHILIP WEISER, in his official capacity as Attorney General of the State of Colorado;
SUSANA CÓRDOVA, in her official capacity as Commissioner of the Colorado
Department of Education; and
SCHOOL DISTRICT 27J a/k/a 27J SCHOOLS, in its official and personal capacities,

    Defendants.

---

# ORDER

Before the Court is the motion to dismiss filed by Defendant Philip Weiser, the Attorney General of the State of Colorado. ECF No. 63. For the reasons below, the Court GRANTS the motion.

## I. BACKGROUND[1]

Plaintiffs are challenging House Bill 24-1039, codified at Colo. Rev. Stat. §§ 22-1-145, *et seq.* (the Law), and the District's related policies. ECF No. 52 at 38 (First Amended Complaint). They seek a permanent injunction preventing Defendants from implementing or enforcing the Law and Policies. *Id.* House Bill 24-1039, effective April 2024, requires public school employees to address students by their chosen name reflecting that

---

[1] The Court's recent Order on the motion for a preliminary injunction, ECF No. 82, provided a detailed background of the case, which it need not repeat here.

1

student's gender identity, and provides that knowingly failing to do so is discriminatory.[2] C.R.S. § 22-1-145 *et seq.*

Plaintiffs requested a preliminary injunction on August 7, 2024. ECF No. 2. Defendant Weiser filed the present motion to dismiss on November 5, 2024. ECF No. 63. The other Defendants also filed motions to dismiss on November 5, 2024. ECF Nos. 61, 62. Plaintiffs responded on November 26, 2024, and Defendants replied on December 10, 2024. ECF Nos. 70, 77. The Court denied Plaintiffs' motion for a preliminary injunction on January 24, 2025. ECF No. 82.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Assertion of Eleventh Amendment immunity is a challenge to the Court's subject matter jurisdiction under Rule 12(b)(1). *See Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002). To survive a Rule 12(b)(1) motion to dismiss, "a plaintiff must demonstrate that the court has subject matter jurisdiction." *Audubon of Kan., v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "A Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotations omitted).

---

[2] C.R.S. § 22-1-145(1)(a) states:
    (2) A public school employee, educator, and contractor . . . shall address a student by the student's chosen name and use the student's chosen name in school and during extracurricular activities.
    (3) Unless done at a student's request, knowingly or intentionally using a name other than the student's chosen name or the knowing or intentional avoidance or refusal to use a student's chosen name is discriminatory.

2

### III.  ANALYSIS[3]

The Court agrees that Defendant Weiser is entitled to Eleventh Amendment sovereign immunity, and thus the Court lacks jurisdiction over the claims against him.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). The bar extends to suits against officials in their official capacities. *Hendrickson v. AFSCME Council 18,* 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Suits are permitted against state officials "seeking to enjoin alleged ongoing violations of federal law," but the official "must have some connection with the enforcement of the act." *Peterson*, 707 F.3d at 1206 (quoting *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011)); *Ex parte Young*, 209 U.S. 123, (1908).

For the *Ex parte Young* exception to apply, the state official must have both "a particular duty to enforce" the statute and "a demonstrated willingness to exercise that duty." *Peterson*, 707 F.3d at 1205. Such a duty cannot be a "mere general duty to enforce the law"; it must arise from the challenged law, another law, an administrative delegation, or a demonstrated practice of enforcing a provision. *Hendrickson*, 992 F.3d at 965; *Peterson*, 707 F.3d at 1207. When a state law "explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official absent some evidence that the

---

[3] The Court previously addressed this issue in its order on Plaintiffs' motion for a preliminary injunction when it analyzed the likelihood of success on the merits. ECF No. 82. It need not repeat that analysis in full here.

3

defendant is connected to the enforcement of the challenged law." *Peterson*, 707 F.3d at 1207.

HB24-1039 does not impose any enforcement duty on the Attorney General. Instead, it delegates enforcement to the public schools. The Law provides: "A student who is subject to discrimination pursuant to subsection (3) of this section may file a report with the public school in accordance with the requirements of section 22-1-143 (2) or file a complaint under the public school's or local education provider's policy adopted pursuant to Title IX of the federal 'Education Amendments of 1972', 20 U.S.C. sec. 1681 et seq., as amended." C.R.S. § 22-1-145(4). The public schools and local education providers, therefore, have the specific duty to enforce HB24-1039, and not the Attorney General.

Plaintiffs argue that the Attorney General has the general authority to enforce Colorado's laws and reference numerous statutes that vest the Attorney General with this general enforcement duty.[4] However, a general enforcement duty is not enough to avoid

---

[4] One of these statutes, which Plaintiffs reference for the first time in their response, is the Colorado Anti-Discrimination Act (CADA). Plaintiffs request that the Court "construe the FAC to seek prospective relief against enforcement of CADA." ECF No. 70 at 43. The FAC, however, does not include a claim requesting such relief and the Court will not imply a cause of action where none has been asserted. Plaintiffs assert that, "while the Does did not originally interpret CADA to require schools to socially transition students upon their request without regard to parental consent, they accept the Commissioner's assertion that it does." *Id.* at 17. The referenced assertion in the Commissioner's motion to dismiss is:

> The Colorado General Assembly expanded the Colorado Anti-Discrimination Act ("CADA") to prohibit discrimination on the basis of transgender status in 2008, clarifying in 2021 that this prohibition includes gender identity and gender expression. See 2008 Colo. Sess. Laws, ch. 341 (SB 08-200); 2021 Colo. Sess. Laws, ch. 156 (HB 21-1108). And since 2009, the agency rules implementing CADA have provided: "Deliberately misusing an individual's preferred name, form of address, or gender-related pronoun" is prohibited harassment. 3 Code Colo. Regs. 708-1, Rule 81.8(A)(4) (original rule, eff. Nov. 30, 2009); id. at Rule 81.6(A)(4) (current rule, eff. Dec. 30, 2023).

ECF No. 62 at 18. The Commissioner referenced CADA to support the assertion that "Colorado has a compelling interest in creating a school environment where students feel safe and welcomed so that they may focus on learning." For purposes of this Order, the Court notes that Plaintiff's arguments about the Attorney General's ability to enforce CADA do not alter the fact that HB24-1039 does not delegate a specific

Eleventh Amendment immunity. An official's "general enforcement power . . . does not suffice for *Ex parte Young*." *Hendrickson*, 992 F.3d at 967. The *Ex parte Young* exception therefore is not applicable here based on the first prong alone.

Regardless, Plaintiffs also fail to establish the "willingness to exercise an enforcement duty" prong of the exception. There are no allegations that the Attorney General has taken action to enforce HB24-1039 against the District, or any other school district. The Attorney General's support of antidiscrimination policies generally is insufficient to demonstrate a willingness to exercise an enforcement duty.[5] Because Plaintiffs have not established that the Attorney General has a particular duty to enforce HB24-1039, or that he has demonstrated a willingness to exercise that duty, he is entitled to Eleventh Amendment sovereign immunity. The Court thus lacks subject matter jurisdiction and must dismiss the claims against the Attorney General.

## IV. CONCLUSION

Because Defendant Weiser is entitled to Eleventh Amendment sovereign immunity, the Court GRANTS the motion to dismiss, ECF No. 63.

DATED this 24th day of January 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

enforcement duty to the Attorney General, nor has the Attorney General brought an action under CADA's antidiscrimination provisions in this arena.

[5] *Mirabelli v. Olson*, 691 F. Supp. 3d 1197, 1223–24 (S.D. Cal. 2023), in contrast, held that the California Attorney General was a proper party because the Attorney General had previously taken enforcement action against two school districts.