|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS<br><br>FOR THE TENTH CIRCUIT<br>_____ | **FILED**<br>United States Court of Appeals<br>Tenth Circuit<br><br>**March 13, 2025**<br><br>Christopher M. Wolpert<br>Clerk of Court |

JOHN DOE; JANE DOE,

    Plaintiffs - Appellants,

v.

PHILIP WEISER, in his official capacity as Attorney General of the State of Colorado; SUSANA CORDOVA, in her official capacity as Commissioner of the Colorado Department of Education; SCHOOL DISTRICT 27J, aka 27JSchools, In its official and personal capacities,

    Defendants - Appellees.

No. 25-1057
(D.C. No. 1:24-CV-02185-CNS-SBP)
(D. Colo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

    This matter is before us sua sponte to consider the court's jurisdiction over this appeal. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1223 (10th Cir. 2012) (this court has "an independent duty to examine [its] own jurisdiction").

    In this appeal, the Doe Appellants seek appellate review of the district court's order granting appellee Philip Weiser's motion to dismiss on Eleventh Immunity grounds. [ECF No. 83; the "AG Dismissal Order"]. But the AG Dismissal Order was limited to Weiser. It did not deal with all claims or all parties. The issue we are called to decide here is a narrow one. We must decide whether the Doe Appellants can obtain—in appeal no.

25-1057—immediate appellate review of the AG Dismissal Order; we decide that issue and only that issue.

Generally, this court's jurisdiction is limited to review of final decisions. 28 U.S.C. § 1291. And it is well-settled that a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). "A judgment is not 'final' under 28 U.S.C. § 1291 . . . until the district court has disposed of all claims against all parties, leaving nothing for the district court to do but ministerial tasks." *Murphy v. Schaible*, 108 F.4th 1257, 1264 (10th Cir. 2024) (citations omitted).

We entered a show cause order requiring Doe Appellants to explain the basis for this court's jurisdiction over this appeal. We have before us Doe Appellants' response to our show cause order, in which they contend that the doctrine of pendent appellate jurisdiction confers jurisdiction over this appeal. We also have appellee Weiser's jurisdictional memorandum brief. Upon consideration of the parties' jurisdictional submissions, the district court docket, and the applicable law, we conclude that we lack jurisdiction over this appeal for the reasons articulated below.

No party contends that the AG Dismissal Order is a final order within the meaning of 28 U.S.C. § 1291. Doe Appellants argue that we have jurisdiction to review the AG Dismissal Order in this appeal under the doctrine of pendent appellate jurisdiction. Not so.

In rare instances, an otherwise unappealable interlocutory order can be immediately reviewed under the doctrine of pendent appellate jurisdiction. Pendent appellate jurisdiction is discretionary and is "disfavored." *Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1264 (10th Cir. 1998). Pendent appellate jurisdiction can apply only if (1) "an unappealable decision is inextricably intertwined with an appealable ruling" or (2) "meaningful review of the appealable decision would require review of the otherwise unappealable decision." *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll.*, 23 F.4th 1262, 1269 (10th Cir. 2022) (internal quotation marks and citation omitted). Neither condition is met here and we decline to conclude that the doctrine of pendent appellate jurisdiction confers appellate jurisdiction in this appeal.

**APPEAL DISMISSED**.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk